DANIEL S. PEARSON, Judge, specially
concurring.
As I have previously noted, see Herring v. State, 411 So.2d 966, 970 n. 11 (Fla. 3d DCA 1982), I do not agree that because a change of sentence complies with Villery, it cannot, ipso facto, violate due process under North Carolina v. Pearce. Yet I take this to be the majority’s meaning when it declares that “[w]e must assume the court has already determined as a matter of law that a sentence, as corrected herein, is not a proscribed increase of sentence in violation of the constitutional guaranty against double jeopardy.” (emphasis supplied). I concur, however, in the affirmance because there is not the slightest showing in the record that as a matter of fact the corrected sentence will increase the defendant’s incarceration beyond three years.